# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**CHRISTOPHER JENKINS**                                                                                      **PETITIONER**
**ADC #166077**

v.                              Case No. 5:18-cv-00246-KGB-PSH

**WENDY KELLEY**
**Director, Arkansas Department of Correction**                                       **RESPONDENT**

## ORDER

The Court has reviewed the Findings and Recommendation submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 13). Petitioner Christopher Jenkins filed objections to the Findings and Recommendation (Dkt. No. 14). After careful consideration of the Findings and Recommendation, the objections, and a *de novo* review of the record, the Court concludes that the Findings and Recommendation should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects (Dkt. No. 13).

### I.     Mr. Jenkins' Objections

The Court writes briefly to address Mr. Jenkins' objections (Dkt. No. 14). The Findings and Recommendation state that Mr. Jenkins' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, stemming from a January 2017 conviction on one count of attempted rape, was untimely filed and should be dismissed on that basis (Dkt. No. 13, at 5). In his objections, Mr. Jenkins states that he has shown "actual innocence" with respect to the application of Arkansas law and that this innocence excuses his obligation to file his habeas corpus petition within one year after his conviction became final (Dkt. No. 14, at 1). Mr. Jenkins claims that he has new evidence that he contends was not available to his trial attorney: charging information regarding an earlier Oklahoma conviction which Mr. Jenkins maintains demonstrates that he did not have a violent

felony in his criminal history (*Id.*, at 2).  Since Mr. Jenkins had a prior conviction out of Sequoyah County, Oklahoma—rape in the second degree for having sexual intercourse with an individual under the age of 16—it was determined that Mr. Jenkins would have to serve 100% of his 20-year sentence with the Arkansas Department of Correction ("ADC") (Dkt. Nos. 9-4, 9-5).  *See* Ark. Code Ann. § 16-93-609 (providing, among other things, that an individual convicted of attempted rape shall not be eligible for release on parole by the Parole Board if that individual has certain prior convictions, including rape).  Mr. Jenkins claims that the purportedly new evidence shows the age of the Oklahoma crime victim and proves that he did not have a violent prior felony under Arkansas law, since Arkansas law and Oklahoma law differ on the definition of rape in the second degree (Dkt. No. 14, at 4-6).  Thus, Mr. Jenkins' actual innocence claim pertains more accurately to his sentence rather than his attempted rape conviction.

Mr. Jenkins does correctly note that, if he adequately proves his actual innocence, such innocence may overcome a procedural bar and open a gateway to consideration of claims which would otherwise be time-barred.  *McQuiggin v. Perkins*, 569 U.S. 383 (2013).  However, Mr. Jenkins' objections fall far short of establishing adequate proof of actual innocence.  First, Mr. Jenkins fails to explain sufficiently why such evidence was not submitted prior to his sentencing, despite the evidence existing at that time.  Second, Mr. Jenkins fails to explain adequately why he failed to include such evidence in a timely-filed habeas corpus petition; he apparently included the charging information with his April 2018 petition for declaratory judgment and petition for writ of coram nobis (Dkt. No. 9-6, at 21).  Third, even if Mr. Jenkins did produce new evidence related to his sentence in a satisfactory manner, evidence regarding Mr. Jenkins' previous Oklahoma conviction would not substantiate an "actual innocence" claim under *McQuiggin*.  By citing to this purportedly new evidence, Mr. Jenkins appears to be in effect asserting actual innocence of his

sentence rather than of the crime of his conviction.  *See United States v. Jones*, 758 F.3d 579, 586 (4th Cir. 2014) ("At bottom, we conclude that *McQuiggin* does not extend to cases in which a movant asserts actual innocence of his sentence, rather than of his crime of conviction.  Indeed, we have found no case that has granted a movant relief on such a basis." (string citation omitted)); *United States v. Grimmond*, No. 3:14CV80715, 2015 WL 4394023, *6 (W.D. Va. July 16, 2015) ("The Supreme Court in *McQuiggin* expressly limited its extension of the [actual innocence] exception 'to a severely confined category: cases in which new evidence shows it is more likely than not than no reasonable juror *would have convicted* the petitioner.'" (quoting *McQuiggin*, 569 U.S. at 395) (emphasis added)).  The Court finds a claim of actual innocence of his sentence all the more difficult since Mr. Jenkins indicated under oath at his sentencing hearing that he did have a prior conviction that would require him to serve 100% of his sentence (Dkt. No. 9-5, at 5).

Finally, Mr. Jenkins objects to the Findings and Recommendation's characterization of his claims regarding counsel as ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984) (Dkt. No. 14, at 7).  Instead, Mr. Jenkins asserts that his claims allege structural error and a complete denial of counsel, governed by *United States v. Cronic*, 466 U.S. 648 (1984).  Mr. Jenkins' objections state that the Oklahoma crime victim's age was not known to his trial counsel at the time of the plea hearing and that Mr. Jenkins was "abandoned" by trial counsel after the January 2017 guilty plea because counsel believed the plea was valid and properly put into execution (*Id.*, at 8).  Neither of these allegations amount to a "complete denial of counsel" as contemplated by *Cronic*.  466 U.S. at 659.  Mr. Jenkins' other claims dealing with ineffective assistance of counsel are complaints against the trial court, rather than Mr. Jenkins' counsel, and do not provide grounds for a finding of either ineffective assistance of counsel under *Strickland* or complete denial of counsel under *Cronic*.

Thus, the Court agrees with the Findings and Recommendation as they relate to both Mr. Jenkins' actual innocence claims and his ineffective assistance of counsel claims.

## II.     Certificate Of Appealability

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the rules governing 28 U.S.C. § 2554 cases in the United States District Court, the Court must determine whether to issue a certificate of appealability. The Court denies Mr. Jenkins a certificate of appealability because the Court finds no issue on which Mr. Jenkins has made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (determining that a substantial showing of the denial of a federal right requires a demonstration that reasonable jurists could debate whether, or for that matter agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further).

## III.    Conclusion

For these reasons, the Court adopts the Findings and Recommendation in their entirety as this Court's findings in all respects (Dkt. No. 13). The Court dismisses Mr. Jenkins' petition for writ of habeas corpus and denies his request for relief.

It is so ordered, this the 16th day of February, 2021.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge

4